**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN R. MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>ALBERT NAJERA, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01077-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(ECF No. 11) |

Plaintiff Steven R. Miller is a federal prisoner currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 12, 2020, the assigned Magistrate Judge issued findings and recommendation, recommending that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (ECF No. 11.) The findings and recommendation were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 18.)

Following an extension of time, Plaintiff filed objections to the findings and recommendation on March 9, 2020. (ECF No. 14.) First, Plaintiff contends that the findings and recommendation should not be adopted and his claims should be decided on the merits because the assigned Magistrate Judge improperly construed the August 26, 2019 complaint that was supposed to initiate a separate action challenging the acts and omissions of the "medical

indifference" defendants as a first amended complaint in this action, which is supposed to only be challenging the acts and omissions of the "custody" defendants.  (Id. at 1.)  However, the Court has screened Plaintiff's original complaint and finds that Plaintiff's original complaint is substantially similar to the complaint filed on August 26, 2019 and construed as a first amended complaint by the Magistrate Judge.  Further, the Court finds that, like the complaint filed on August 26, 2019, it is apparent from the face of Plaintiff's complaint and properly judicially noticed documents that Plaintiff's claim against Defendant Najera is barred by *res judicata* and that Plaintiff's claims against all of the remaining defendants named in Plaintiff's original complaint are barred by the statute of limitations.  Therefore, even assuming the Magistrate Judge inappropriately construed Plaintiff's August 26, 2019 complaint as a first amended complaint in this action, the error is harmless.  Consequently, Plaintiff's first objection is overruled.

Second, Plaintiff argues that, while he agrees that a summary judgment dismissal is considered a decision on the merits for *res judicata* purposes, sovereign immunity does not cover Defendant Najera's decision to ignore Plaintiff's safety within the Fresno County Jail.  (ECF No. 14, at 2-4.)  However, the undersigned agrees with the Magistrate Judge's determination that Plaintiff's claims against Defendant Najera are barred by *res judicata* because Plaintiff's prior action, Miller v. Najera, Case No. 12-cv-01288-LJO (E.D. Cal.) ("Miller I"), involved the same claim or cause of action as the current action; Miller I reached a final judgment on the merits of Plaintiff's claims against Defendant Najera; and Miller I and the current action involve parties, namely Plaintiff and Defendant Najera, who are in privity with each other.  Therefore, Plaintiff's second objection is overruled.

Third, Plaintiff argues that his claims against all of the remaining defendants are not barred by the statute of limitations because, in the January 15, 2019 order denying Plaintiff's motion for reconsideration in Miller I, Chief District Judge O'Neill stated that: "It is well established "that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.'"  Miller I, ECF No. 95, at 2 n. 1.  However, while it is generally true that a statute of limitations is tolled while a prisoner completes the mandatory exhaustion process, completion of the exhaustion process after the applicable statute of

limitations has already expired does not revive the statute of limitations and has no tolling effect. See Forman v. Chicago Title Ins. Co., 32 Cal. App. 4th 998, 1006 (1995) ("Tolling can only suspend the running of a statute [of limitations] that still has time to run; it cannot revive a statute which has already run out."). The undersigned agrees with the Magistrate Judge's determination that the statute of limitations applicable to Plaintiff's § 1983, § 1985(3), and Bivens federal claims and Plaintiff's California state law claims expired no later than March 7, 2015. Therefore, since Plaintiff admitted in the July 30, 2019 letter attached to his original complaint that he did not initiate the administrative remedy process at the Fresno County Jail until around October 25, 2018, Plaintiff's initiation of the mandatory exhaustion process does not toll the statute of limitations applicable to his federal and state law claims because the statute of limitations had expired more than three years before Plaintiff began the exhaustion process. (ECF No. 1, at 24.) Consequently, Plaintiff's third objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Magistrate Judge's findings and recommendation are supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on February 12, 2020, (ECF No. 11), are ADOPTE in full;
2. This action is DISMISSED, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   December 4, 2020                              _____
                                                                    SENIOR  DISTRICT  JUDGE

3