Steven Miller 65070-097
FCI Terminal Island
PO Box 3007
San Pedro, CA 90733
In Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

STEVEN R MILLER,
PLAINTIFF

vs

NAJERA, et al.
DEFENDANTS.

Case No: 1:19-CV-01077-AWI-BAM (PC)

NOTICE OF APPEAL OF DISMISSAL WITH PREJUDICE, AFTER MOTION OF RECONSIDERATION.

COMES NOW, PLAINTIFF, Steven R Miller, Notice of Appeal for Dismissal With Prejudice for Failure to State a Claim, he also attempted a Motion for Reconsideration, which was denied on 20 January 2021, after dismissal 7 December 2020.

Miller believes this to be in error, just to start with the fact that as he understands, this complaint isn't dramatically different than 1:12-CV-01288 LJO, except that he attempted to remove Medical except when anything that may appear to connect to medical issues was done in a custodial frame by a custodial actor. That previous complaint "LJO" was allowed to precede nearly to trial until Defendants last second request for summary judgement for failure to exhaust (of which they never once made notice of in the proceeding 5 plus years of life of the complaint, not even before when in January 2011 the Sheriff had been placed on notice of much of the complaint's claims). Miller cannot understand why his complaint could not proceed on its merits or how he did not state a claim. He argued many claims of physical, mental damage, failure to follow policy, form adequate policy, and multiple clear violations of his 14th and later 8th Amendment Rights by Deputies and higher ups in a de facto custom they deemed acceptible, such as discrimination of gay inmates.

Only after Judge O'Neill and Beistline had ordered that medical and custodial ought to be separated did Miller do so. This action was the custodial. Chief District Judge O'Neill had ordered Miller to exhaust his administrative remedies and so Miller attempted this. Miller on at least two occasions requested the correct forms, which took months for him to locate the

-1-

name of in the immense number of pages. Miller requested the J-105 forms and was repeatedly ignored until October 2018. He filed forms that he copied, since adequate number was not given. They did not respond in required 45 days, not even to tell of delay. They responded in May 2019. Miller had attempted a Motion for Reconsideration after the Defendants refused to respond. Once they had it was made clear he could not appeal and reaffirmed that most of his complaints never could have been grieved because they were as a result of an inmate raping him and/or medical, both not allowed to be grieved in 2010, so those never should have been dismissed at all. The procedure wasn't even permitted. Plus now the court says that due to res judicata his custodial and medical claims are duplicative of each other and go under the same umbrella, so Miller is confused why he was told to separate when court now says he shouldn't have. Was it so extra filing fees could be collected?

Now court claims that because he sat in court for several years with little action that statute of limitation time was still ticking and although he believed he'd exausted he didn't. So, even though the Defendants didn't bring this up until late 2017 he is at fault, and that he never filed his complaint before, even though he filed in July 2012, and sat in court for years without movement.

Exhaustion is subjective and when it is not made available it is not available. Miller filed informal complaints and was ignored, these weren't even grievable but the court still claims he failed on his part. Miller was not in right state of mind due to mental illness, PTSD, and the on going physical issues as a result of rapes allowed to occur by FCJ. Miller initiated exhaustion by the Defendants standard with his letter to I.G. that was forwarded to Sheriff Mims at that point they should have sent him J-105 forms and/or responded to him. He also wrote the County Counsel on at least 2 occasions and was demanded to stop contact.

-2-

1. Miller stated many claims. He was placed into involuntary segregated housing
2. and told it would be only for a couple days, this turned out to 28 or so. This
3. caused him to ruminate on all done to him and contemplate suicide and worsened
4. his Depression, Anxiety, and PTSD. All of this while he continued to excruciating
5. pain and severe rectal bleeding, ignored even by Deputy Doer who read his White
6. and Green forms. Often he had to manually assist excretion of waste and his
7. hand and toilet bowl was drenched in blood causing a worsening of his eggshell
8. mind.

9. Spicer v Williamson, 191 N.C. 487, 490, 132 S.E. 291, 293, (1926) ("It is but
10. just that the public be required to care for the prisoner, who cannot by reason of the
11. deprivation of his liberty, care for himself.").

12. Clearly under Estelle v. Gamble, 429 US 97, 104-05, 97, S Ct. 285, 291, 50 L Ed 2d
13. 251, 260 (1976) ... "conclude[s] that deliberate indifference to serious medical needs of
14. prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth
15. Amendment. This is true whether the indifference is manifested by ... prison guards in intention-
16. ally denying or delaying access to medical care ..."). "[D]eliberate indifference" may
17. represent "cruel and unusual punishment".

18. They also denied Miller heat and hot water for extended amounts of time.
19. They did not act on request that they read and new to be of immediate need, such
20. as testing for HIV with clear symptoms told to them even in these requests. Their
21. refusal to treat the rectal tear also placed him a increased risk of other infections
22. and allowed HIV to easily enter. If they acted quickly his risk and infection
23. may have been completely mitigated. But the Honorable Court claims that
24. these all were not cognizable claims. When Miller finally tested positive in
25. February and further tested in March 2011 he had 82 CD-4 white blood cells,
26. well below the 200 threshold for AIDS, directly as result of FCJ's refusal
27. to be deliberately indifferent to his clear and present danger and need.
28. All of this after he was allowed to be sodomized even after two inmates

warned "Floor Sergeant" of Diaz, who tore Miller open. Even Officer Guiterrez admitted her concerns and knowledge of the danger of Diaz.

Officers "ignored obvious conditions", "failed to provide treatment" in getting diagnosed as required by law in regards to HIV, "failed to investigate enough to make an informed judgement", "delayed treatment", and "interfered with access to treatment". All of which Miller would never have needed if they followed their mandate to protect him and responded to the warnings against Diaz and had not placed Miller later into the known blind-spot and hedonistic "gay pod" with an open rectal tear to allow HIV to enter. They were responsible for Miller's "well-being".

Similar things were alleged and determined to occur with regularity as a de facto policy in Hall v. County of Fresno, occurring in a similar period of time. Prison officials "wrongful or negligent acts or omissions" caused Miller to suffer injury that occurs still to this very day. He still tears open when he defecates, sometimes. And his HIV is not cured. And action that results in a life long medical condition is not subject to statute of limitations because every day the damage continues to occur.

Officials and Deputies knew of risk to young, gay, first time offenders and collectively ignored Miller's danger.

Miller prays on appeal that his actionable complaint be given proper consideration.

Respectfully submitted with apologies for penmanship and lack of table,

*John Miller*                              Thursday 28 January 2021

I hereby declare under penalty of perjury that the above be true and correct to the best of my understanding.

*John Miller*                              Thursday 28 January 2021

-4-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

STEVEN R MILLER

v.

Case Number: 1:19-cv-01077-AWI-BAM (CPC)

NAJERA, et al.

PROOF OF SERVICE

_____/

I hereby certify that on  Thursday 28 January 2021 , I served a copy

of the attached  Notice of Appeal ,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

FCI Terminal Island :

(List Name and Address of Each
Defendant or Attorney Served)
  Clerk of the Court
  US District Court
  Eastern District of CA
  2500 Tulare St., Rm 1501
  Fresno, CA 93721

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature of Person Completing Service)